972 F.2d 1354
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dorothy LASSITER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3104.
 United States Court of Appeals, Federal Circuit.
 June 8, 1992.
 
 Before RICH, ARCHER and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Dorothy Lassiter petitions for review of the September 24, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. SF08319110735, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on October 22, 1991. We affirm.
 
 DISCUSSION
 
 2
 Mrs. Lassiter seeks a survivor annuity under the Civil Service Retirement Spouse Equity Act of 1984 (Act). 5 USC 8341 (1988). Under the Act, a former spouse of a federal employee who retired before May 7, 1985, may be entitled to a survivor annuity provided that the former spouse filed an application for the annuity with the Office of Personnel Management (OPM) on or before May 7, 1989. 5 USC 8341 note (reprinting Section 4 of Pub.L. No. 98-615 as amended by Pub.L. No. 99-251, Title II, § 201(a) to (c), Feb. 27, 1986, 100 Stat. 20-23 (1986)); 5 CFR 831.622 (1991). Mrs. Lassiter did not file her application for former spouse annuity benefits until January 1991, more than one year and eight months after the statutory deadline had passed. On this basis alone, OPM denied her application, which denial was affirmed by the Board.
 
 
 3
 Mrs. Lassiter asks that we make an exception to the statutory deadline, because she was unaware of the Act and was not notified by OPM of its passage. She contends that financial difficulty and medical illness such as she has experienced make it virtually impossible for one in her position to become knowledgeable of such legislation. While sympathetic to these arguments, we cannot grant the relief Mrs. Lassiter seeks. When Congress makes meeting a deadline a precondition of eligibility, this court cannot excuse the petitioner from satisfying that requirement. Schweiker v. Hansen, 450 U.S. 785, 788 (1981) (" 'the duty of all courts [is] to observe the conditions defined by Congress for charging the public treasury' ") (quoting Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947)). Here the relevant statute by its terms excludes Mrs. Lassiter's claim, and her remedy must lie with Congress, not the courts. See Office of Personnel Management v. Richmond, 496 U.S. 414, ----, 110 S.Ct. 2465, 2475-76 (1990).